| | |
|---|---|
| **DISTRICT COURT COUNTY OF EL PASO COLORADO**<br>270 S Tejon St<br>Colorado Springs, CO 80903 | DATE FILED<br>January 12, 2026 6:38 PM<br>FILING ID: 3488B009F6902<br>CASE NUMBER: 2026CV30107 |
| Plaintiff:<br>**KERRY GARCIA**<br><br>v.<br><br>Defendant:<br>**THE HOME DEPOT U.S.A., INC., a Foreign Delaware Corporation.** | ▲ Court Use Only ▲ |
| *Attorneys for Plaintiff:*<br>Paula Slaughter, #38624<br>The Wilhite Law Firm<br>1600 Ogden Street<br>Denver, CO 80218<br>Phone Number: (303) 839-1650<br>FAX Number: (303) 832-7102<br>E-mail: pslaughter@wilhitelawfirm.com<br>jlevine@wilhitelawfirm.com | Case Number:<br><br>Division: |
| **CIVIL COMPLAINT AND JURY DEMAND** | |

COMES NOW Plaintiff, by and through his attorneys, Wilhite, Rose & Roberts P.C., and for this *Civil Complaint and Jury Demand* against Defendant and alleges and avers as follows:

## JURISDICTION AND VENUE

1. At all times relevant to this action, Plaintiff was a resident of the State of Colorado.

2. At all times relevant to this action, Defendant The Home Depot U.S.A., Inc. (hereinafter "Defendant Home Depot") was and remains a Foreign Delaware Corporation organized and in good standing in the State of Colorado, with a principal office street address of 2455 Paces Ferry Road, Atlanta, GA 30339 and a registered agent address of 1900 West Littleton Boulevard, Littleton, Colorado 80120. The Home Depot, U.S.A., Inc. operates under the trade names The Home Depot as registered by the Colorado Secretary of State. It is authorized to conduct business in the State of Colorado, including operating retail stores in El Paso County.

3. At all times relevant to this action, Defendant Home Depot was responsible for the maintenance of the premises where Plaintiff was injured.

4. The incident referred to in these allegations, namely, Plaintiff's slip and fall, occurred in El Paso County, State of Colorado.

5. This Court has both personal and subject matter jurisdiction.

6. Venue is proper in El Paso County, pursuant to C.R.C.P. 98(c), because the incident giving rise to this action occurred at Defendant's retail premises located at 102 North Academy Boulevard, Colorado Springs, Colorado, within El Paso County.

## FACTUAL ALLEGATIONS

7. Plaintiff incorporates herein by this reference the allegations set forth above.

8. At all times relevant to this *Complaint*, Defendant managed and/or controlled and/or maintained the property located at 102 North Academy Boulevard, Colorado Springs, Colorado, within El Paso County.(hereinafter "the Property").

9. At all relevant times to this action, Defendant was responsible for making sure common areas on the Property were managed and maintained in a reasonably safe condition, and Defendant was responsible for ensuring that invitees were safe.

10. On or about January 18, 2024, Plaintiff slipped and fell on the Property and was severely injured ("the incident").

11. Plaintiff was walking through the aisles of the Property. The aisles were full of merchandise on pallets. Plaintiff tripped and fell over a banding strap, causing him to fall onto other pallets and then onto the cement, causing serious injuries requiring surgical care.

12. Plaintiff reported the incident above to a corporate representative identified as Teresa Rodriguez.

13. Plaintiff slipped and fell due to Defendant's area not being cleared properly of pallets and other materials.

14. The area on the Property had not been maintained properly.

15. The accumulation of pallets and merchandise on the Property where the incident occurred was a dangerous condition.

16. Accumulations of merchandise and pallets are dangerous conditions.

17. Defendant did not take adequate precautions to protect citizens like Plaintiff from the dangerous conditions on the Property.

18. Plaintiff suffered physical injuries as a result of the fall.

**FIRST CLAIM FOR RELIEF**
***Statutory Premises Liability Pursuant to C.R.S. § 13-21-115***

19. Plaintiff incorporates the above allegations by reference.

20. Defendant Home Depot had the right of control of the Property.

21. Defendant Home Depot was in charge of property maintenance, that is, maintaining, upkeeping, and overseeing conditions on the Property with respect to merchandising and pallets at all relevant times.

22. At the time of the incident, Defendant Home Depot was a landowner as defined under C.R.S. § 13-21-115.

23. At the time of the incident, Defendant owed a duty to use reasonable care to maintain the premises in a reasonably safe manner and to use reasonable care to protect Plaintiff against dangers of which Defendant knew or should have known.

24. Defendant knew or should have known that the area was full of merchandising and pallets, which was not a safe condition at the time of the incident.

25. Defendant knew or should have known that a dangerous condition existed on the Property at the time of the incident.

26. Defendant knew, or should have known, that not cleaning the merchandising and pallets created a dangerous situation.

27. It was foreseeable to Defendant that invitees, such as Plaintiff, would be injured by the conditions where the incident occurred.

28. At all times material to this *Complaint*, Defendant was responsible for the condition of the Property, for the activities conducted or circumstances existing on the Property, for hiring, training, and supervising employees and contractors, and through their agents and/or

employees, unreasonably failed to exercise reasonable care to protect the Plaintiff and others similarly situated.

29. Defendant failed to comply with its duties to the Plaintiff in the following respects including, but not limited to:

    (a) Failure to clean the area of merchandising and pallets;
    (b) Failure to warn of possible danger;
    (c) Failure to exercise reasonable care to prevent dangerous conditions in the areas where invitees would be expected to be.

30. As a direct and proximate result of Defendant's failures to exercise reasonable care, Plaintiff suffered traumatic physical and/or emotional injuries and/or disabilities and/or economic losses and injuries, which injuries, damages, and losses are permanent in nature and which losses Plaintiff has suffered in the past and will suffer in the future.

31. As a direct and proximate result of Defendant's failures to exercise reasonable care to protect Plaintiff from the dangerous condition described above, Plaintiff suffered past and future economic expenses, losses, and damages, including, but not limited to, past and future medical expenses and life care expenses.

32. As a direct and proximate result of Defendant's failures to exercise reasonable care to protect Plaintiff from the dangerous condition described above, Plaintiff suffered past and future non-economic damages, including, but not limited to, pain and suffering, inconvenience, emotional distress, and impairments of quality of life.

33. As a direct and proximate result of Defendant's failures to exercise reasonable care to protect Plaintiff from the dangerous condition described above, Plaintiff suffered temporary and permanent physical impairment and disfigurement.

## SECOND CLAIM FOR RELIEF

***Negligence for Failing to Properly Maintain the Premises in the Alternative to Premises Liability for Defendant If Landowner Status Is Not Admitted***

34. Plaintiff incorporates the above allegations by reference.

35. Defendant owed Plaintiff a duty to exercise reasonable care in the general maintenance, cleaning, and/or management of the merchandising and pallets on the Property where the incident occurred.

36. Defendant owed Plaintiff a duty to exercise reasonable care by providing reasonable notice and warning of the dangerous conditions created on the premises.

37. Defendant breached its duty to Plaintiff to exercise reasonable care by failing to maintain the Property to avoid and/or remove dangerous conditions and by failing to notify and warn of the dangerous conditions.

38. As a direct and proximate result of Defendant's failures to exercise reasonable care, Plaintiff suffered traumatic physical and/or emotional injuries and/or disabilities and/or economic losses and injuries, which injuries, damages, and losses are permanent in nature and which losses Plaintiff has suffered in the past and will suffer in the future.

39. As a direct and proximate result of Defendant's failures to exercise reasonable care to protect Plaintiff from the dangerous condition described above, Plaintiff suffered past and future economic expenses, losses, and damages, including, but not limited to, past and future medical expenses and life care expenses.

40. As a direct and proximate result of Defendant's failures to exercise reasonable care to protect Plaintiff from the dangerous condition described above, Plaintiff suffered past and future non-economic damages, including, but not limited to, pain and suffering, inconvenience, emotional distress, and impairments of quality of life.

41. As a direct and proximate result of Defendant's failures to exercise reasonable care to protect Plaintiff from the dangerous condition described above, Plaintiff suffered temporary and permanent physical impairment and disfigurement.

## **VICARIOUS LIABILITY**

42. Plaintiff incorporates the above allegations by reference.

43. At the time of the incident, Defendant and its agents, apparent agents, servants, joint venturers, and/or employees were working within the course and scope of their employment with the particular Defendant that hired/contracted with them, which Defendant also had the right to control and supervise them in performing their work and services at the Property.

44. At the time of the incident, Defendant owed Plaintiff a duty of care to properly maintain the Property.

45. Defendant negligently breached that duty of care by creating or allowing a dangerous condition to exist on the Property at the time of the Incident and then failed to warn of that dangerous condition, allowing Plaintiff to be injured.

46. As a direct and proximate result of Defendant's failures to exercise reasonable care to protect Plaintiff from the dangerous condition described above, Plaintiff suffered past and future economic expenses, losses, and damages, including, but not limited to, past and future medical expenses and life care expenses.

47. As a direct and proximate result of Defendant's failures to exercise reasonable care to protect Plaintiff from the dangerous condition described above, Plaintiff suffered past and future non-economic damages, including, but not limited to, pain and suffering, inconvenience, emotional distress, and impairments of quality of life.

48. As a direct and proximate result of Defendant's failures to exercise reasonable care to protect Plaintiff from the dangerous condition described above, Plaintiff suffered temporary and permanent physical impairment and disfigurement.

49. Defendant is vicariously liable for the conduct of their agents, apparent agents, servants, joint venturers, and/or employees.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff requests that judgment be entered in favor of Plaintiff and against each and any Defendant, in an amount to fairly compensate him for the injuries set forth above, court costs, attorneys' fees, expert witness fees, statutory pre-judgment and post-judgment interest from the date this cause of action accrued or as otherwise permitted under Colorado law and for such other and further relief as this Court deems just and proper. Plaintiff prays for specific relief including, but not necessarily limited to:

(a) For an amount that will reasonably compensate Plaintiff for past, present, and future medical expenses.

(b) For an amount that will reasonably compensate Plaintiff for past, present, and future economic loss.

(c) For an amount that will reasonably compensate Plaintiff for past, present, and future pain and suffering.

(d) For an amount that will reasonably compensate Plaintiff for permanent limitation, injuries, and/or disfigurement, limitations, and or disabilities of the body and/or mind.

(e) For pre-judgment interest as provided by statute.

(f) For costs and fees incurred in the prosecution of the matter.

(g) For post-judgment interest and costs.

For such further relief as the Court finds just and equitable under the circumstances

## JURY DEMAND

Trial to a jury of six (6) is demanded on all issues so triable.

Respectfully submitted this January 12, 2026:

The Wilhite Law Firm

*/s/ Paula Slaughter*
Paula Slaughter, #38624
Attorney for Plaintiff

Plaintiff's Address:
c/o The Wilhite Law Firm
1600 N. Ogden Street
Denver, Colorado 80218